UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 13-198 |
| JESSIE SMITH | SECTION: "C" |

### ORDER

Before the Court is the government's Motion *in Limine* to admit Yolanda Smith's post-arrest statement for a limited, non-hearsay purpose . Rec. Doc. 288. The defendant, Jessie Smith has filed an opposition. Rec. Doc. 301. Having considered the facts, the memoranda of counsel, and the law, the Court finds that the Motion *in Limine* is **DENIED**.

Yolanda Smith and Jessie Smith, spouses, were jointly indicted for conspiring to import and distribute methylone. Rec. Doc. 127. After a controlled delivery was made to Ms. Smith, she was arrested and made statements, including a recorded statement, to the arresting officers. Rec. Doc. 175-1 at 1-2. Ms. Smith's statements incriminated Mr. Smith. *Id.* at 2. The government indicted that it would seek to introduce Ms. Smith's statements in the joint trial of Mr. and Ms. Smith. *Id.* An unopposed motion was filed by Mr. Smith to sever his trial from Ms. Smith, pursuant to Federal Rules of Criminal Procedure 14(a) and the rule announced in *Bruton v. United States*, 391 U.S. 123, 137 (1968). This Court granted the severance on August 22, 2014. Rec. Doc. 194.

The government's current motion *in limine* seeks to admit Ms. Smith's post-arrest statement "for a limited non-hearsay purpose: to corroborate the expected testimony of Alvin Phillips." Rec.

Doc. 288-1 at 1. Specifically, the government avers that the "statement would not be adduced for the truth of the matter asserted, not would it be admitted as a prior consistent statement under Federal Rule of Evidence 801(d)(1)(B). *Id.* at 6. Mr. Smith has filed a response in which he opposes the admittance of his wife's post-arrest statement. Rec. Doc. 301.

The United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. "The Confrontation Clause generally bars witnesses from reporting the out-of-court-statements of nontestifying declarants." *Taylor v. Cain*, 545 F.3d 327, 335 (5th Cir. 2008). The exception to this general rule is when the declarant is unavailable as a witness and the defendant had an earlier opportunity to cross-examine the declarant. *See Crawford v. Washington*, 541 U.S. 365 (2006). Here, Mr. Smith's attorney has not had the opportunity to cross-examine Ms. Smith and the Court has been notified that if Ms. Smith were to be called to testify, she plans on invoking her Fifth Amendment and spousal privileges. Rec. Doc. 301 at 2. Under these circumstances, Ms. Smith's post-arrest statement is not admissible as evidence of substantive guilt in Mr. Smith's trial.

The government contends that the statement may be used to rehabilitate a co-conspirator's testimony after cross-examination. Rec. Doc. 288-1 at 6. Alvin Phillips was a witness in Ms. Smith's trial and is expected to be called as a witness by the government in Mr. Smith's trial. Mr. Phillips was indicted for the same conspiracy and has plead guilty, although there was no plea agreement. Rec. Doc. 117. The government is attempting to admit Ms. Smith's statement to "rehabilitate and corroborate" Mr. Phillips' potential testimony at Mr. Smith's trial. Rec. Doc. 288-1 at 6.

However, this type of maneuvering to use a statement that directly incriminates a defendant to "corroborate" a government witness, has been rejected by the Fifth Circuit. In *Taylor v. Cain,* the Fifth Circuit held that a "[p]olice officer cannot, through their trial testimony refer to the substance of statements given to them by nontestifying witnesses in the course of their investigation, when

2

those statements inculpate the defendant." 545 F.3d 327, 335 (5th Cir. 2008). Further, in *Jones v. Cain*, the Fifth Circuit held that without fitting into a hearsay exception, a statement from a non-testifying declarant must bear "particularized guarantees of trustworthiness" to survive Confrontation Clause implications. 600 F. 3d 527, 538 (5th Cir. 2010), *quoting Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L.Ed.2d 597 (1980). When the declarant's statement "'inculpate[s] another' to non-undercover police personnel after a crime, 'there always exists the strong possibility that the declarant has the desire to shift or spread blame, curry favor, avenge himself, or divert attention to another.'" *Jones v. Cain*, 600 F. 3d at 538, *quoting United States. v Flores*, 985 F.2d 770, 780 (5th Cir. 1993).  Ms. Smith's statement cannot be admitted to "rehabilitate" or "corroborate" Mr. Phillips expected testimony and potential attack on cross-examination without raising Confrontation Clause issues.

    For the reasons set forth above,

    IT IS ORDERED that the government's Motion *in Limine* to Admit Yolanda Smith's Post-Arrest Statement is **DENIED.**

    New Orleans, Louisiana, this 8th day of April, 2015

HELEN G. BERRIGAN  
UNITED STATES DISTRICT JUDGE