UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 13-198** |
| **JESSIE L. SMITH, JR.** | **SECTION: "S" (5)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that Yolanda Smith's Pre-Miranda Statement is ADMISSIBLE (See Docs. #369 & 371).

The parties dispute whether certain statements made by co-defendant Yolanda Smith are admissible at the trial of Jessie L. Smith, Jr. When the agents entered Yolanda and Jessie Smith's home after the package was delivered, but before Yolanda was given the Miranda warning, Yolanda twice said something about a "white guy" putting a package in the shed. At Yolanda trial, Agent Todd Hillberry testified that Yolana was arrested when the agents entered the home to conduct the search. Jessie argues that Yolanda's pre-Miranda warning statements are not admissible against him because Yolanda participation in the conspiracy ended when the agents entered the home and arrested Yolanda.

Rule 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. A coconspirator's statement is admissible under the Rule 801(d)(2)(E) if the government establishes: "(1) the existence of a conspiracy, (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." United States v. Galindo, 254 Fed. Appx. 391, 397 (5th Cir. 2007) (quoting United Stats v. Solis, 299 F.3d 420, 443 (5th Cir. 2002)). The United States Court of Appeals for the Fifth Circuit had held that

"ordinarily, a person's participation in a conspiracy ends when the person is arrested for his role in the conspiracy." Id. (quoting United States v. Arce, 997 F.2d 1123, 1128 (5th Cir. 1993)). However, when the "conspirators manage[] to continue conducting the business of the conspiracy after arrest, the mere fact of arrest does not prevent the government from relying on that evidence." United States v. Davis, 226 F.3d 346, 353 (5th Cir. 2000)

In this case, the government has established the elements necessary under Rule 801(d)(2)(E) for Yolanda's pre-Miranda warning statements to be admitted in Jessie's trial. Although a coconspirator's arrest "ordinarily" ends that person's participation in the conspiracy, Yolanda made the statements in an attempt to conceal the conspiracy and further its purpose. She had not yet been placed in handcuffs or read the Miranda warning. Therefore, her participation in the conspiracy had not ended when she made the statements and they are admissible in Jessie's trial.

New Orleans, Louisiana, this   29th   day of February, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**